**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 96-10232**
**Summary Calendar**

---

**LLOYD POISSENOT, doing business as Poissenot Productions;**
**KAREN HUGHES, doing business as Stock Options,**

**Plaintiffs-Appellants,**

**VERSUS**

**DALLAS COWBOY FOOTBALL CLUB, INC.;**
**TEXAS STADIUM CORPORATION; JERRY JONES,**

**Defendants-Appellees.**

---

Appeal from the United States District Court
For the Northern District of Texas

(3:94-CV-2698-G)

---

August 29, 1996

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

In January 1993, Lloyd Poissenot, a commercial photographer, and Karen Hughes, a public relations agent, met with representatives of Southwestern Bell Telephone Company for the purpose of

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

formulating a plan to photograph an appropriate scene or object that would be suitable for the cover of the June 1993-94 Business White Pages for the Greater Dallas area for Southwestern Bell Telephone Company. In February, Hughes made arrangements for Poissenot to take pictures of the Dallas Cowboy Victory Parade in downtown Dallas. Later in the month, representatives of Southwestern Bell met with Poissenot and Hughes and decided to combine shots of the parade with a picture of the Super Bowl trophy in possession of defendants Jerry Jones and the Dallas Cowboy Football Club. After taking separate pictures of the Super Bowl trophy, a composite was prepared which combined a daytime picture of City Hall Plaza, the downtown Dallas buildings that surround it and the parade crowd with a picture of the Super Bowl trophy. Ultimately, because of complaints by an official of the City of Dallas, this composite was not used on the cover of the Southwestern Bell Directory; and instead a picture of the Super Bowl trophy by itself was used. Later on, the Dallas Cowboy Football Club hired another photographer to make a composite photo to be placed on season tickets distributed to season ticket holders for the Cowboy football games. This was not the first occasion on which the Dallas Football Club, Inc. had used composite images of a Super Bowl trophy on their tickets. In the season ticket composite, the Super Bowl trophy is positioned over Texas Stadium in Irving, Texas in an evening shot and the entire skyline of Dallas is in the distant background.

Believing that the composite on the season tickets infringed upon their copyright of the composite prepared for Southwestern Bell, Poissenot and Hughes sued the defendants in the federal district court in Dallas for copyright infringement. The defendants moved for summary judgment on the grounds that either (1) there were no copyrightable elements in Poissenot's composite picture or (2) the two pictures were not, as a matter of law, substantially similar. The district court granted the motion for summary judgment and Poissenot and Hughes appealed.

We have carefully reviewed the briefs, the record excerpts and relevant portions of the record itself. For the reasons stated by the district court in its Memorandum Order entered in this case under date of September 21, 1995, we are satisfied that the district court correctly assessed the facts and law as warranting a summary judgment in favor of defendants. Accordingly, we **AFFIRM** the final judgment that plaintiffs take nothing which was entered under date of September 21, 1995, and the denial of plaintiffs' motion for new trial by the district court on February 1, 1996.

**AFFIRMED.**